IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16–CV–716–BR

| | |
|---|---|
| FAYE GORE, Individually and Executrix of the Estate of Mr. Gore, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ORDER ) |
| JOHN CRANE, INC., | ) ) |
| Defendant. | ) ) |

This matter is before the court on John Crane, Incorporated's ("John Crane" or "defendant") motion for judgment as a matter of law ("JMOL"). (DE # 461.) Faye Gore ("plaintiff"), individually, and as executrix of the estate of Wade Miller Gore ("Gore"), responded in opposition. (DE # 465.) Thereafter, defendant filed a reply. (DE # 468.) The motion has been fully briefed and is ripe for disposition.

### I.  BACKGROUND

On 9 June 2015, plaintiff and Gore filed a complaint in the United States District Court for the Middle District of North Carolina. (DE # 1.) The complaint contends Gore was exposed to asbestos-containing products while employed at the Dupont Plant in Leland, North Carolina. (Id. ¶¶ 19, 20.) On 1 August 2016, the action was transferred to this district. (DE # 138.) On 26 September 2016, plaintiff, as the executrix of Gore's estate, amended the complaint to allege wrongful death under N.C. Gen. Stat. § 28a-18-1 *et seq.* (DE # 160.)

The matter went to trial on 16 September 2019. At the end of plaintiff's case-in-chief, on 20 September 2019, defendant moved for JMOL pursuant to Federal Rule of Civil Procedure 50(a), (DE # 439), which the court denied. Five days later, at the end of defendant's case-in-

chief, defendant renewed its motion, which, again, the court denied. Later that day, the court heard closing arguments and instructed the jury on the applicable law. The verdict form required the jury to answer three separate issues. (DE # 443.) The first issue read, "Was Mr. Gore injured by the negligence of the defendant?" (Id. at 11.) The second issue read, "Did the defendant unreasonably fail to provide an adequate warning or instruction with the asbestos-containing gaskets and/or packing products proximately causing Mr. Gore's injury?" (Id. at 14.) The third issue, which the jury would consider if it answered issue one or two "Yes," read, "What amount is the estate of Mr. Gore entitled to recover for wrongful death?" (Id. at 17.) The jury began deliberations immediately following the charge.

The next day, 26 September 2019, the jury, by note, indicated deadlock. (Trans., DE # 463, at 3; see id. at 6 ("There are definite divides. How long do we deliberate before a declaration of a hung jury?").) The court issued an "Allen Charge" and instructed the jury to retire to the jury room to continue deliberations. (Id. at 9.) The following afternoon, the jury, by note, indicated that it had reached a unanimous decision on one issue but remained deadlocked "[o]n the other issue." (Trans., DE # 464, at 4.) Defendant orally moved for a mistrial. (Id.) The court inquired of the foreperson as to which issue had been resolved, learning that the jury had answered "No" to the first issue, negligence, and deadlocked as to the second issue, failure-to-warn. (Id. at 9; see also DE # 454.) The jury did not reach the third issue, damages. (Trans., DE # 464, at 8.) The court accepted the jury's verdict as to issue one and declared a mistrial as to issue two. (Id. at 10.)

On 25 October 2019, defendant filed a renewed motion for JMOL. (DE # 461.) Defendant moves for JMOL pursuant to Rule 50(b) based on the doctrines of collateral estoppel and the law-of-the-case. (Mem. Supp. Mot. JMOL, DE # 462, at 1.) Defendant contends

2

plaintiff's failure-to-warn claim is "a subspecies of negligence" and retrial of such a "negligence-base[d] claim" is barred by the jury's decision on the negligence claim. (Id. at 4.)

## II. STANDARD OF REVIEW

> Rule 50(b)[] sets forth the requirements for challenging the sufficiency of the evidence after the jury verdict and entry of judgment:
> > (b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
> > (1) allow judgment on the verdict, if the jury returned a verdict;
> > (2) order a new trial; or
> > (3) direct the entry of judgment as a matter of law.
> The rule tests the legal sufficiency of a claim, that is, assesses whether the claim should succeed or fail because the evidence developed at trial was insufficient as a matter of law to sustain the claim.

Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 155 (4th Cir. 2012), as amended (May 9, 2012). "Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008). "In considering a challenge based on a lack of specificity in the Rule 50(a) motion, we remain mindful that the Federal Rules are to be construed liberally, and consider whether the motion provides the court and the nonmoving party sufficient notice of any alleged deficiencies in evidence."[1] Liberty Mut. Fire Ins. Co. v. JT Walker Indus., Inc., 554 F. App'x 176, 185 (4th Cir. 2014).

---

[1] The parties dispute whether defendant meets the procedural standards for Rule 50(b). (Compare Resp. Opp'n, DE # 465, at 6, with Reply, DE # 468, at 5–6.) For purposes of this motion, the court assumes defendant properly filed the motion.

### III.  DISCUSSION

Defendant first moves for JMOL based on the doctrine of collateral estoppel.  Under North Carolina law,[2] there is a three-pronged test for defendants to successfully invoke collateral estoppel:

> [1] the earlier suit resulted in a final judgment on the merits, [2] that the issue in question was identical to an issue actually litigated and necessary to the judgment, and [3] that both [defendants] and [plaintiff] were either parties to the earlier suit or were in privity with parties.

Shehan v. Gaston Cty., 661 S.E.2d 300, 303 (N.C. Ct. App. 2008) (alternations in original).

"Under the doctrine of collateral estoppel, when an issue has been fully litigated and decided, it cannot be contested again between the same parties."  Fox v. Johnson, 777 S.E.2d 314, 323 (N.C. Ct. App. 2015) (internal quotation marks and citation omitted); accord Williams v. Peabody, 719 S.E.2d 88, 93 (N.C. Ct. App. 2011) (for purposes of collateral estoppel, for an issue to be actually litigated it must "be in fact determined").  The moving party must "show with clarity and certainty what was determined by the prior judgment."  Fox, 777 S.E.2d at 323.

Here, defendant contends that plaintiff is collaterally estopped from maintaining its failure-to-warn claim because the parties are the same, the jury verdict's was a final judgment, and two elements of the failure-to-warn claim—negligent conduct and proximate cause—were decided by the jury in its verdict on negligence.[3]  (Mem. Supp. Mot. JMOL, DE # 462, at 8, 10–

---

[2] "As a general matter, [t]he preclusive effect of a federal-court judgment is determined by federal common law.  When a federal court exercises diversity jurisdiction over a state law claim . . ., the federal rule is to apply the law that would be applied by state courts in the State in which the federal diversity court sits as long as the state rule is not incompatible with federal interests."  In re Muhs, 923 F.3d 377, 385 (4th Cir. 2019) (internal quotation marks and citations omitted); accord Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001) ("Since state, rather than federal, substantive law is at issue [for determinations of collateral estoppel] there is no need for a uniform federal rule."); (see also Mem. Supp. Mot. JMOL, DE # 462, at 6.)  As this court sits in diversity, it will apply North Carolina state law, the applicability of which the parties do not dispute.

[3] The jury returned a general verdict form.  As such, to successfully invoke collateral estoppel, defendant must establish that both elements of negligence were actually litigated and are also elements that must be considered for the failure-to-warn claim.

4

11.) Plaintiff does not dispute that the first and third prongs of collateral estoppel are satisfied. (Resp. Opp'n, DE # 465, at 3–5.) Thus, only the second prong is contested: whether the issues in question—negligent conduct and proximate cause in the failure-to-warn context—are identical and necessary to the jury's finding of no negligence.

> In determining this prong, the court should consider the following criteria:
>
> (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

King v. Grindstaff, 200 S.E.2d 799, 806 (N.C. 1973); accord Saimplice v. Ocwen Loan Servicing Inc., 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019); State v. Summers, 528 S.E.2d 17, 20 (N.C. 2000). "[C]ourts should examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from [additional] consideration." Yeager v. United States, 557 U.S. 110, 119–20 (2009) (internal citation and quotation marks omitted). "To identify what a jury necessarily determined at trial, courts should scrutinize a jury's decisions, not its failures to decide." Id. at 122 (finding that a court may not use the fact that a jury hung as indicative that an issue was not decided in an issue-preclusion analysis). Jurors are presumed to follow the instructions as given. See Richardson v. Marsh, 481 U.S. 200, 206 (1987). Thus, "although no specific finding may have been made in reference thereto[, i]f the record of the former trial shows that the judgment could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties." Craver v. Spaugh, 41 S.E.2d 82, 84 (N.C. 1947).

5

While the instructions for the two claims may be similar,[4] in determining defendant was not negligent, the jury did not necessarily decide that defendant had a duty to warn, nor did it decide that defendant in fact breached that specific duty.

On the negligence claim, the court instructed the jury, in relevant part:

> Negligence refers to a person's failure to follow a duty of conduct imposed by law. Every person or company is under a duty to use ordinary care to protect others from injury. Ordinary care means that degree of care which a reasonable and prudent person or company would use under the same or similar circumstances to protect others from injury. A person's or company's failure to use ordinary care is negligence.

(DE # 443, at 11.) In contrast, for the failure-to-warn claim, the jury must consider whether "the defendant failed to provide an adequate warning or instruction" and whether that failure was unreasonable. (Id. at 14.) As to the latter, the court instructed the jury: "Failure to provide an adequate warning or instruction is unreasonable if a reasonable and prudent manufacturer or seller, acting under the same or similar circumstances, would have provided an adequate warning or instruction." (Id.)

When determining the negligence issue, the jury determined only that defendant did not breach its duty to use ordinary care to protect people from injury. (See DE # 443, at 11; DE # 454, at 1.) A rational jury could have made this determination in any number of ways, for example, by finding that in exercising ordinary care defendant was not required to replace asbestos-containing products with non-asbestos containing products. The duty of care instruction on the negligence issue did not obligate the jury to consider whether defendant had a

---

[4] The court agrees with defendant that, as a general matter, in North Carolina, a failure-to-warn claim is a negligence claim. See Yates v. Ford Motor Co., No. 5:12–CV–752–FL, 2015 WL 3448905, at *2 (E.D.N.C. May 29, 2015). However, issue preclusion requires more than the same, or similar, claim. It requires the court to consider the evidence submitted to the jury, the arguments of counsel, and the jury charge, which here is the North Carolina Pattern Civil Jury Instruction on failure-to-warn, to determine whether the specific issues presented, not the claim as a whole, are precluded. See Yeager, 557 U.S. at 119–20, 22.

duty to provide a warning or instruction regarding its products, or whether, based on the industry-standard, it failed to do so.

Additionally, while the jury instructions on negligence and failure-to-warn do use the same definition for "ordinary care," the context is entirely different. The negligence instruction informs the jury that all companies are "under a duty to use ordinary care to protect others from injury." (DE # 443, at 11.) Thus, the negligence instruction affirmatively identifies the duty and the jury is left to decide whether this duty was breached. Duty in the failure-to-warn context is addressed in the third element of that claim. (Id. at 14.) "Ordinary care" is consciously absent from that element. In the fourth element of the failure-to-warn claim, where "ordinary care" is used, the jury considers whether a company "in the exercise of ordinary care should have known" of a risk of harm. (Id. at 14–15.) This is wholly distinct from its use in the negligence instruction. By deciding that defendant was not negligent, the jury did not necessarily decide that defendant did not unreasonably fail to provide adequate warning or instruction.

The jury's finding of no negligence does not bar the retiral of the failure-to-warn claim, and the doctrine of collateral estoppel does not apply. For the same reasons, defendant's alternative argument based on the law-of-the-case doctrine is without merit. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (finding the law-of-the-case doctrine discretionary as it "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power") (citing Messinger v. Anderson, 225 U.S. 436, 444 (1912)). Defendant's motion for JMOL is DENIED.

This 5 March 2020.

_____
W. Earl Britt
Senior U.S. District Judge